# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: B.S.**

**No. 15-0184** (Ohio County 14-JA-38)

**FILED**

August 31, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father B.S.-1, by counsel Justin M. Hershberger, appeals the Circuit Court of Ohio County's January 26, 2015, order terminating his parental rights to one-year-old B.S.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel William P. Jones, filed its response in support of the circuit court's order. The guardian ad litem for the child ("guardian"), Joseph J. Moses, filed a response also in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating his parental rights to the child.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record

---

[1]Because petitioner and the child share the same initials, we have distinguished them using numbers B.S.-1 for petitioner and B.S.-2 for the child throughout this memorandum decision. We also note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

[2]Petitioner is the biological father of two children, B.S.-2 and B.S.-2's older sibling, O.S. The circuit court terminated petitioner's parental rights to both children, but it did so by separate orders following separate proceedings and at different times. Petitioner's parental rights to O.S. were terminated in September of 2014. Following adjudicatory and dispositional hearings related to B.S.-2 only, the circuit court terminated petitioner's parental rights to B.S.-2 by order entered on January 26, 2015. It is from this order that petitioner appeals, and petitioner does not argue in his brief that he seeks appellate review of his proceedings as they relate to O.S. While petitioner includes the case numbers for both cases in his appellate brief to this Court, he discusses only those issues in the record on appeal as they relate to B.S.-2. Further, he requests only a remand for a new dispositional hearing as it relates to B.S.-2. We also note that, as it was filed in March of 2015, his notice of appeal falls well outside the thirty-day requirement to appeal the circuit court's final order entered in September of 2014 terminating his parental rights to O.S. W.Va. R. App. P. 11(b) (requiring petitioners to file a notice of appeal within thirty days of entry of the judgment being appealed). Therefore, in this memorandum decision, we address petitioner's assignment of error as it relates to B.S.-2 only.

1

presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2013, the DHHR filed an abuse and neglect petition against petitioner and the children's mother alleging, inter alia, drug abuse by both parents resulting in the abuse and neglect of B.S.-2's older sibling, O.S.; domestic violence in O.S.'s presence; and failure to maintain a "proper" home (Ohio County Case No. 13-CJA-82). In December of 2013, the DHHR filed an amended abuse and neglect petition alleging that petitioner and the children's mother permitted O.S. to be in the company of "inappropriate people" resulting in that child being physically and sexually abused by two juvenile males.

In January of 2014, petitioner stipulated to abuse and neglect of O.S. due to his drug abuse; domestic violence; failure to maintain a "proper" home; and failure to protect that child. In March of 2014, the circuit court held a hearing on petitioner's motion for a post-adjudicatory improvement period. At this hearing, petitioner admitted that he had a serious drug addiction and had violated drug treatment programs in the past on numerous occasions by his use of illegal substances including marijuana, cocaine, opiates, and benzodiazepines. He further testified that he had previously sought drug treatment, including during an attempted safety plan in 2013 at the request of the DHHR, but, despite those efforts, he had tested positive for illegal substances in March, April, May, and June of 2013. He stated that he was currently using Suboxone. At the conclusion of that hearing, the circuit court granted petitioner a post-adjudicatory improvement period with the condition that he fully participate in the drug court program.

In May of 2014, B.S.-2 was born. At birth, she tested positive for opiates and showed symptoms of addiction and withdrawal. Later that month, the DHHR amended its prior abuse and neglect petition to include B.S.-2 as an allegedly abused and neglected child (Ohio County Case No. 14-CJA-38).[3] Following B.S.-2's birth, the circuit court held a hearing at which the guardian moved to terminate petitioner's post-adjudicatory improvement period as to O.S. Petitioner argued that he had been accepted into drug court and wished to pursue that treatment. The circuit court denied the guardian's motion and ordered petitioner to enter and complete drug court as a condition of his improvement period.

In July of 2014, the guardian again moved to terminate petitioner's improvement period, citing his noncompliance with visits with the children and drug and paternity testing; his removal from drug court; and his continued wish to use Suboxone and Subutext. The circuit court held a hearing on that motion in August of 2014, and, following testimony and argument regarding petitioner's alleged noncompliance with the conditions of his improvement period, the circuit court terminated his improvement period.

In September of 2014, the circuit court held a dispositional hearing as to B.S.-2's older sibling only.[4] The DHHR presented the testimony of a child protective services worker who

---

[3]Although entitled "Second Amended Petition," the record reveals that this filing was the DHHR's third amended abuse and neglect petition against petitioner.

explained that petitioner failed to comply with his improvement period and continued to abuse drugs. Based on this uncontested evidence, the circuit court terminated petitioner's parental rights to O.S.[5]

In November of 2014, the circuit court held an adjudicatory hearing as to petitioner's parental rights to B.S.-2 At that hearing, petitioner admitted he was B.S.-2's father. The circuit court found that petitioner abused and neglected O.S., which resulted in the involuntary termination of his parental rights to that child in September of 2014. Further, the circuit court found that petitioner had not changed his circumstances since that prior termination. Therefore, the circuit court found that petitioner abused and neglected B.S.-2.

In December of 2014, the circuit court held a dispositional hearing as to petitioner's parental rights to B.S.-2. The circuit court again found that petitioner abused and neglected O.S., which resulted in the involuntary termination of his parental rights to that child, and that he failed to demonstrate a change in circumstances since that prior termination. Further, the circuit court found that petitioner failed to comply with his case plan. Based on these findings, by order entered on January 26, 2015, the circuit court terminated his parental rights to B.S.-2 because there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect and termination was in the child's best interests. It is from that dispositional order that petitioner now appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[4]As noted elsewhere in this memorandum decision, the circuit court held separate adjudicatory and dispositional hearings with regard to petitioner's parental rights to B.S.-2 and B.S.-2's older sibling, O.S. Although unclear from the record on appeal, the parties maintain that the circuit court effectively severed these proceedings because petitioner refused to submit to paternity testing for B.S.-2

[5]In November of 2014, the circuit court terminated the parental rights of the children's mother to both children.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner alleges that the circuit court erred in terminating his parental rights to B.S.-2 and in finding that an improvement period "or other disposition" would not have been "pointless." While petitioner argues that he could have corrected his drug addiction if the circuit court had not prevented him from using Suboxone, the record clearly demonstrates that the circuit court had ample evidence from which to conclude that there was no reasonable likelihood that petitioner could have substantially corrected his drug addiction in the near future. Petitioner admitted to his long history of drug abuse and his numerous attempts to complete drug treatment programs both in the past and during his many months on an improvement period in the related proceeding in 2014. Petitioner correctly notes that no expert medical testimony was presented to indicate that petitioner's desire to pursue drug treatment with Suboxone was an invalid means of drug treatment. However, it is also true that petitioner failed to demonstrate that his use of Suboxone or any other method he preferred for drug treatment would have substantially corrected his drug addiction in the near future. *See* West Virginia Code § 49-6-5(a)(6) (providing that termination of parental rights is required when "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and when necessary for the child's welfare). To the contrary, he testified that he was on Suboxone in March of 2014, but he points to no evidence in the record that his Suboxone use could correct his drug addiction in any foreseeable time. Moreover, as the circuit court found, petitioner did not consider his long-term reliance on Suboxone a problem. Pursuant to West Virginia Code § 49-6-5(b)(3), a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child[.]

Moreover, petitioner had recently failed an improvement period due, in part, to his noncompliance with child visitation and paternity testing.

Further, petitioner claims that he has a phobia of providing a drug screen sample in the presence of another person, which is generally required for urinalysis drug screening. However, petitioner fails to indicate how a different form of drug screening would permit him to substantially correct his drug addiction, or other issues of concern, in the near future. Given the particular circumstances of this case, we find not error in this regard.

The record on appeal clearly support's the circuit court's findings that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of his parental rights was in the child's best interests. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings. We have also held as follows:

"Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code, 49-6-5 . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W.Va. Code, 49-6-5(b) . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). As such, we find no error in the circuit court terminating petitioner's parental rights.

For the foregoing reasons, we hereby affirm the circuit court's January 26, 2015, order.

Affirmed.

**ISSUED**: August 31, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II